IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL ELEY, | : | Civil No. 1:21-CV-02184 |
| Plaintiff, | : | |
| v. | : | |
| SUPERINTENDENT BRITTAIN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Plaintiff's amended complaint raises a Fourteenth Amendment due process claim under 42 U.S.C. § 1983 stemming from his placement in the restrictive housing unit (RHU) on November 5, 2021. (Doc. 31.) Defendants filed a motion to dismiss the amended complaint and a brief in support. (Docs. 32, 33.) The court will grant Defendant's motion to dismiss the amended complaint, dismiss the complaint with prejudice, and close the case.

### PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 in December of 2021. (Doc. 1.) He brought First and Fourteenth Amendment claims against three defendants: (1) K. Brittain ("Brittain"), superintendent at the State Correctional Facility in Frackville, Pennsylvania ("SCI-Frackville"); (2) S. Kephart ("Kephart"), Deputy DSCS at SCI-Frackville; and (3)

1

N. Wynder ("Wynder"), Deputy DSFM at SCI-Frackville. (*Id.*, p. 2.)[1] Defendants waived service in June of 2022, Doc. 20, and filed a joint motion for summary judgment and motion to dismiss the complaint on July 5, 2022, Doc. 21. Following briefing, the court denied the motion for summary judgment, but granted the motion to dismiss. (Docs. 29, 30.) The court determined that Plaintiff's allegations failed to trigger any due process protections and failed to plead the elements of a First Amendment retaliation claim. (Doc. 29, pp. 15–16.) Nevertheless, "in light of the potential for a First Amendment retaliation claim to be brought in conjunction with due process claims as set forth in *Seiverling*," the court granted Plaintiff leave to file an amended complaint. (*Id.*)

Plaintiff filed an amended complaint on March 24, 2023, which is the operative complaint in this action. (Doc. 31.) The amended complaint names the same three Defendants. (*Id.*, p. 3.) Plaintiff alleges that on November 5, 2021, he was placed in the RHU on Administrative Custody ("AC") under investigation status at SCI-Frackville. (*Id.*, p. 4.) He alleges that Department of Corrections ("DOC") policy requires that he be served an "802 form" within 24 hours, and he was not served the "802 form" until 80 hours into his AC detention. (*Id.*) He also alleges that it is DOC policy that an administrative hearing be held for AC placement within seven working days of the placement, which did not occur. (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

He further states that it is DOC policy that confinement for AC investigative purposes cannot exceed 15 days, with one 15-day extension if the investigation is not complete and the extension is documented with a copy given to the inmate. (*Id*.)  Plaintiff alleges that it is DOC policy that the inmate must be charged with a misconduct or returned to the general population after 30 days.  (*Id*.)  Plaintiff alleges that he remained in the RHU on AC investigation for 132 days, from November 5, 2021 to March 17, 2022, and was never served an 802 form, was never given a 15-day extension form, and was never charged with a misconduct or released to the general population.  (*Id*.)  Plaintiff alleges that these failures to follow DOC policy violated his Fourteenth Amendment rights.  (*Id*., pp. 4–5.)  Plaintiff did not raise any First Amendment retaliation claim in his amended complaint.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Frackville, located in Schuylkill County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

The crux of Plaintiff's complaint is his claim that he was denied due process of law in violation of the Fourteenth Amendment in the course of his detainment in the RHU while in AC status. (Doc. 31.) The amended complaint fails to state a claim upon which relief can be granted. As the court held in its order dismissing the original complaint, the detention in RHU for the period Plaintiff alleges does not trigger any due process protections.[2] Therefore, this amended complaint will be dismissed.

The Fourteenth Amendment provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. XIV. With respect to a procedural due process claim, the court observes that "'[a] liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies.'" *Porter v. Pennsylvania Department of Corrections*, 974 F.3d 431, 437–38 (3d Cir. 2000) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (alteration added)). The United States Court of Appeals for the Third Circuit has explained:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation

---

[2] The court also notes that Plaintiff fails to plead any personal involvement on the part of the named Defendants as required under *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). However, Defendants did not raise this argument in their Rule 12 briefing.

> occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr*., 533 F. App'x 64, 66 (3d Cir. 2013).

Applying these benchmarks, it has been held that detention in administrative custody for brief periods of six months or less does not impose the type of atypical and significant hardships on inmates which trigger due process protections. *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151–52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days did not implicate a protected liberty interest).

However, prison disciplinary proceedings may constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his exercise of a constitutional right. In *Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000), The Third Circuit stated the following:

7

> *Sandin* instructs that placement in administrative confinement will generally not create a liberty interest. Retaliation may be actionable, however, even when the retaliatory action does not involve a liberty interest. [G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.

*Seiverling,* 229 F.3d at 224 (internal citations and quotation marks omitted).

Based on the foregoing, Plaintiff's allegations do not trigger due process protections because being held in AC for such a short period does not impose atypical and significant hardship under *Sandin*. The court had granted Plaintiff an opportunity to amend his complaint to further develop the First Amendment retaliation claim implied in the original complaint. (Doc. 29.) However, Plaintiff has failed to plead any First Amendment claim in his amended complaint. Therefore, the motion to dismiss will be granted.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss the amended complaint will be granted. The court acknowledges that before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Considering this amended complaint was Plaintiff's opportunity to file a curative pleading, and he failed to cure the defects of the original complaint, further

8

amendments would be futile.  The amended complaint will be dismissed with prejudice, and the case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:  December 19, 2022